JOSÉ VÁZQUEZ, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, and JACINTO CAQUÍAS, workman, Respondents.

No. 160.   Argued November 18, 1938.—Decided December 21, 1938.

*Virgilio Brunet* and *Miguel A. Casiano* for petitioner.   *M. León Parra* for the Industrial Commission.   *Frank Torres* for the workman.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

In this case the Industrial Commission of Puerto Rico rendered a judgment on January 31, 1938, by which it found that the workman Jacinto Caquías, on the date on which a certain accident occurred while working, was employed by José Vázquez, that the latter employed more than four workmen and that he was not insured, in violation of the Act. The judgment ends declaring that José Vázquez is an employer not insured and ordering the case liquidated and the amount of the liquidation charged to said employer in

the manner provided for by the Act. The employer requested a rehearing and it was granted. At the rehearing, the employer limited himself to challenge the jurisdiction of the Industrial Commission. He based this plea on the fact that the workman, Jàcinto Caquías, when the accident happened, worked under the immediate supervision of Pedro Rojas, but as it appears from the certified copy of the judgment on rehearing, the petitioner did not offer any evidence tending to controvert the proof adduced at the prior hearing, which lead to the judgment of January 31, 1938, in which he was declared a non-insured employer. In his petition for review the petitioner alleges that the Commission, at the two aforesaid hearings, limited the employer in his defenses to prove whether or not he employed four or more workmen and "did not give him any opportunity to present any other legal defenses."

In our opinion the petition for review is insufficient because the matter of whether or not the employer employed four or more workmen and if José Vázquez was or was not the employer of the injured workman are purely matters of fact which are not reviewable in these proceedings unless the employer has been deprived of the right to adduce proof to overcome that of the workman, but this does not appear from the petition nor from the two judgments of the Commission attached thereto. Although it is alleged that the Commission "did not give any opportunity to present any other defenses according to law," it is not stated what these defenses consisted of in order that this court may determine whether or not the denial was erroneous. Other defenses completely immaterial might have been offered, in which case no error of law was made in denying them.

For the foregoing reasons, the petition for review is denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.